The opinion of the Court was afterwards drawn up by
Parker C. J.
The judge of probate charged the administrator with the value of a certain quantity of bricks which were in the possession of the testator at the time of his death, and which belonged to his estate, and were properly chargeable to the administrator, unless by virtue of the contract sub sisting between him and Judge Ward, the latter had such a property or lien upon the bricks as authorized him to take possession of them and dispose of them to his own use. And we cannot perceive that he had such an interest by virtue of that contract. By the terms of the lease, the intestate acquired a full right to the yard for the time. He had a right to use the clay for the purpose of making bricks, and was required to make a certain quantity every year. He stipulated to pay a rent which was regulated by the quantity of bricks made, and tins rent was payable in cash, so that the property in the brides was unquestionably in the intestate ; they were liable to attachment as his in his lifetime, and at his death those remaining un *110 sold were assets in the hands of his administratoi. The right reserved to the lessor of taking bricks instead of money, gave him no present property, nor even a lien until he had signified his election by actually taking the bricks, and that right of election ceased with the life of the lessee, for at the very instant of his death the property was fixed, so that no subsequent act of the lessor could change its character.
It is not the case of a power coupled with an interest, which it is said is not terminated with the life of him who grants it;[1] for in such cases the interest in the thing about which the power is to be exercised, must be a present interest. In this case there was no interest in the bricks until the lessor should have taken possession of them by virtue of the reservation in his contract.[2] The lessee might have sold the whole kiln without violating his contract and the purchaser could not have been defeated by this claim ; and on the appointment of the administrator, he came into the full right of the intestate, and was immediately accountable and obliged to make an inventory thereof. The case cited by the counsel for the appellant from 1 H. Bl. 465, is upon the right of a lessor to distrain for rent which accrued after the decease of the lessee. This has very little analogy to the case before us ; for in the first place, we think there is no right of distress in this Commonwealth for rent, and besides, the right of the lessor in the case cited seemed to depend upon certain statutes which have no force here.
The principles adopted in the case of Butterfield v. Baker, 5 Pick. 522, seem quite applicable to this case.
We think the decree of the judge of probate was right, and therefore it must be affirmed with costs.

 2 Kent, (3d ed.) 646; Chitty on Contr. (4th Am. ed.) 172 and note 4,

 See Chitty on Contr. (4th Am. ed.) 299, 300, and notes